

HACT
01-cv-513
Squatrito

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

FILED

### SUMMARY ORDER

2003 DEC -8 P 3: 23

US DISTRICT COURT

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 31st day of October, Two Thousand and Three.

PRESENT:     HON. WILFRED FEINBERG,
             HON. AMALYA L. KEARSE,
             HON. REENA RAGGI,
                         *Circuit Judges.*

UNITED STATES COURT OF APPEALS
FILED
OCT 31 2003
SECOND CIRCUIT

-----------------------------------------------------------

ABDUL FATAH MOHAMED,
             *Plaintiff-Appellant,*

             v.                              No. 02-7339

LAZ PARKING,
             *Defendant-Appellee.*

-----------------------------------------------------------

APPEARING FOR APPELLANT:        EROLL V. SKYERS, Barrister Law
                                Group, LLC, Bridgeport, Connecticut.

APPEARING FOR APPELLEE:         GLENN T. TERK, Law Office of Glenn
                                T. Turk, Wethersfield, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Dominic

J. Squatrito, *Judge*).

1

A TRUE COPY
Roseann B. MacKechnie, CLERK

by _____
     DEPUTY CLERK

ISSUED AS MANDATE: 11/26/03

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's final judgment entered on March 20, 2002, is hereby AFFIRMED.

Plaintiff-Appellant Abdul Fatah Mohamed, who was terminated from his position as a parking garage attendant on January 7, 1999, during the Ramadan holiday, sued his former employer, Defendant-Appellee Laz Parking, for religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.  Mohamed now appeals from a judgment entered after a jury trial in favor of Defendant-Appellee.  He argues that he was prejudiced by hearsay evidence, specifically, the particulars of a non-testifying student's complaint against him contained in an October 28, 1998 letter written to his employer by Kirk Schultz, the director of public safety at Housatonic Community Technical College where Laz Parking operated a campus garage at which Mohamed was employed.  Because Schultz testified at trial, there is no hearsay issue about his receipt of the complaint.  Instead, Mohamed submits that the district court erred when, over his objection, it admitted the student's statement as a present sense impression, see Fed. R. Evid. 803(1), or an excited utterance, see Fed. R. Evid. 803(2).

We review a district court's evidentiary rulings deferentially for abuse of discretion, United States v. Abreu, 342 F.3d 183, 190 (2d Cir. 2003), and will reverse only for "manifest error" that affects a party's "substantial rights," Manley v. AmBase Corp., 337 F.3d 237, 247-48 (2d Cir. 2003) (internal citations and quotations omitted).

2

Rule 803(1) defines "present sense impression" as "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." The student's complaint, made to Schultz the morning after her encounter with Mohamed, plainly does not fall within this hearsay exception.

Rule 803(2) defines "excited utterance" as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." While the length of time between the event and the utterance is a factor relevant to this determination, it is not singularly determinative. See United States v. Jones, 299 F.3d 103, 112 (2d Cir. 2002); United States v. Tocco, 135 F.3d 116, 127 (2d Cir. 1998); United States v. Scarpa, 913 F.2d 993, 1017 (2d Cir. 1990) (collecting cases). The critical inquiry is whether the declarant was still under the stress of excitement caused by the event or condition when she made the challenged statement.

The "startling event" in this case involved a dispute in the college parking garage that allegedly prompted Mohamed to yell at the student and bang on her car. We need not decide whether the district court erred in finding that such an encounter could cause the stress of excitement to persist overnight. Compare Gross v. Greer, 773 F.2d 116, 119-20 (7th Cir. 1985) (statement made day after a murder by young child found with dead body admissible as excited utterance); with United States v. Marrowbone, 211 F.3d 452, 455 (8th Cir. 2000) (statement of a teenager made three hours after sexual assault not admissible as excited utterance). Even if we were to assume error, we would not reverse the judgment because the

3

challenged evidence was unlikely to have "affected the outcome of the case." Manley v. AmBase Corp., 337 F.3d at 248 (internal quotations omitted).

First, to the extent Mohamed disputes the student's version of events, the Schultz letter also included Mohamed's contemporaneous account of how the student's conduct had provoked his actions. Second, Laz Parking did not proffer customer complaints as the determinative factor in its termination decision. Its principal reason for terminating Mohamed was his purported unexcused absence from employment on January 7, 1999. Mohamed's Title VII claim thus largely turned on the jury's resolution of conflicting testimony between Mohamed and Laz Parking employees about (1) the employer's leave policy, (2) Mohamed's absence from work for a period of time on January 7, 1999, and (3) the meeting at which Mohamed was terminated. The student complaint was irrelevant to these matters.

In sum, because Mohamed has failed to establish that his substantial rights were adversely affected by receipt of the non-testifying student's complaint, we hereby AFFIRM the district court's judgment in favor of Laz Parking.


FOR THE COURT:
ROSEANN B. MACKECHNIE, CLERK

_Lucille Carr_     _10/31/03_
By                          Date


4